UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

GARY J. MILNER, JAMES OLIVER, TONI BJERKE, ANNETTE BARRETT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FARMERS INSURANCE EXCHANGE, and PAUL PETERSON,

Defendants.

Civil No. 01-2030 DWF/AJB

**REPORT AND RECOMMENDATION**

## INTRODUCTION

Plaintiffs commenced this action in the District Court of Hennepin County, Minnesota, seeking overtime compensation under the Minnesota Fair Labor Standards Act (MFLSA), MINN. STAT. § 177.21, *et seq*. Plaintiffs filed the action on behalf of themselves and on behalf of all persons who are or have been employed in Minnesota, as claims adjusters, by Defendant Farmers Insurance Exchange and its affiliates and associates (hereinafter "Farmers"). Plaintiffs contend that they are nonexempt employees for purposes of overtime compensation under the MFLSA.

Farmers removed the case, alleging that this Court has original jurisdiction under 28 U.S.C. § 1332 and that removal was appropriate under 28 U.S.C. §§ 1331 & 1441 and the complete preemption doctrine. This matter is now before the Court on Plaintiffs' motion to

JAN 1 1 20[illegible]
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

remand.[1] The matter is properly before the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons discussed below, it is recommended that this case be remanded.

## DISCUSSION

The "well-pleaded complaint rule" provides that a federal question must be stated on the face of the complaint before the defendant may remove the action based on 28 U.S.C. § 1331. Gaming Corp. of Am. v. Dorsey and Whitney, 88 F.3d 536, 542 (8th Cir. 1996). It is settled that a case may not be removed on the basis of a federal defense, including the defense of preemption. Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). There exists, however, an independent corollary to the well-pleaded complaint rule known as the doctrine of complete preemption. Id. Complete preemption occurs where federal law so pervades an area of state law that any claim purportedly based on that state law is considered, from its inception, a federal claim. Id.

Farmers contends that this case arises under federal law because the complaint alleges a cause of action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-209. In other words, Farmers argues the doctrine of complete preemption. Farmers argument, however, appears to employ a hybrid theory, occupying space somewhere between the defense of preemption and the doctrine of complete preemption. Farmers concedes that the FLSA does not completely preempt all state wage-and-hours law. Instead, Farmers picks out one aspect of wage-and-hours law–the definition of exempted employees–and argues that the FLSA

[1]In addition to opposing Plaintiffs' motion, Farmers has filed a motion to stay proceedings. That motion will be denied for the same reasons the request for a remand is granted.

completely preempts that determination. In other words, Farmers suggests that the Court should treat, as its own area of law, the definition of exempted employees. The Court declines. There is just one area of law here: state wage-and-hours law.

It may very well be that the MFLSA conflicts with the FLSA is some respects. Therefore, the defense of preemption might have some application in this case. That issue, however, is irrelevant here. The issue is whether the FLSA completely preempts all state wage-and-hours law. Farmers concedes that it does not. Farmers had the burden to establish federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Farmers has failed to do so.

As a final matter, Plaintiffs' ask for costs and expenses pursuant to 28 U.S.C. § 1447(c). The Court concludes that Farmers, in seeking removal, did not act in bad faith or upon a gross misinterpretation of law.

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiffs' motion be granted in part and denied in part;

2. This case be remanded to the District Court of Hennepin County, Minnesota;

3. Plaintiffs' request for costs and expenses be denied; and

4. Defendants' motion to stay proceedings be denied.

Dated: January 11, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within 10 days after being served with a copy of this Report and Recommendation, any party seeking to object to the same shall deliver to the Clerk of Court, and serve on the opposing party, written objections which specifically identify the portions of the Report and Recommendation to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 10 days after service thereof. All briefs filed under this rule shall be limited to 10 pages. A judge shall make a *de novo* determination of those portions to which objection is made.