A CERTIFIED TRUE COPY
MAR 12 2002
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MAR 12 2002
FILED CLERK'S OFFICE

***RELEASED FOR PUBLICATION***

***DOCKET NO. 1439*** 01-2030 DWF/AJB

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE FARMERS INSURANCE EXCHANGE CLAIMS REPRESENTATIVES' OVERTIME PAY LITIGATION*

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL***

FILED 2002 MAR 18 CLERK, U.S. DISTRICT COURT DISTRICT OF OREGON PORTLAND, OREGON BY

## *TRANSFER ORDER*

This litigation presently consists of eight actions: one action each in the Central District of California, the Eastern District of Michigan, the District of Minnesota, the District of New Mexico, the District of Oregon, the Eastern District of Texas, the Southern District of Texas and the Western District of Washington.[1] Before the Panel is an amended motion by the FIE defendants[2] pursuant to 28 U.S.C. § 1407, to centralize these actions in either the District of Oregon or District of New Mexico for coordinated or consolidated pretrial proceedings. All plaintiffs oppose centralization. If the Panel deems centralization appropriate, plaintiffs variously suggest centralization in the Central District of California, Eastern District of Michigan or Eastern District of Texas. Some plaintiffs alternatively suggest that the Panel defer its Section 1407 ruling in order to permit some of the transferor courts to rule on pending motions to remand actions to state court.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of similar allegations that FIE claims representatives are entitled to overtime pay under either the Fair Labor Standards Act, 29 U.S.C § 201, *et*

---

[1] Four actions – *Paula Chase, et al. v. Farmers Insurance Exchange, et al.*, D. Colorado, C.A. No. 1:01-2012, *Mark Severn, et al. v. Farmers Insurance Exchange, et al.*, E.D. Michigan, C.A. No. 2:01-74460, *Randy McLeod, et al. v. Farmers Insurance Exchange, et al.*, D. Nevada, C.A. No. 2:01-1183, and *Jennifer Petre v. Farmers Insurance Exchange, et al.*, W.D. Washington, C.A. No. 2:01-1657 – have been remanded to state court. Accordingly, the question of inclusion of these four actions in Section 1407 proceedings is moot.

Two actions on Schedule A – recently filed Michigan and California actions – were not included in the Section 1407 motions in this docket, but are now included in this transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's January 31, 2002, hearing session.

[2] Farmers Insurance Company, Inc., Farmers Insurance Company of Washington, Rick M. Shriver, Rion Groves, Susan Bithell, Marty Draper, Texas Farmers Insurance Company, Farmers Insurance Group of Companies, and Farmers Group, Inc. (collectively referred to as FIE).

3-25-02
FILED RICHARD D SLETTEN, CLERK JUDGMENT ENTD DEPUTY CLERK
Certified to be a true and correct copy of original filed in my office
Dated 3-15-02
Donald M. Cinnamond, Clerk
By Deputy

(19)

- 20 -

*seq.*, and/or various states' wage and hour statutes. Centralization under Section 1407 in the District of Oregon will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. We note that pending motions to remand actions to their respective state courts can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

We are persuaded that the District of Oregon is the appropriate transferee forum for this litigation. We note that i) an action is pending there, ii) the Oregon district is relatively convenient for most parties and witnesses who are located in the Western United States, and iii) this tribunal has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Oregon are transferred to the District of Oregon and, with the consent of that court, assigned to the Honorable Robert E. Jones for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

**MDL-1439 – In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation**

Central District of California

*Elizabeth Day, et al., v. Farmers Insurance Exchange, et al.*, C.A. No. 2:02-765

Eastern District of Michigan

*Michael Sterner v. Farmers Insurance Exchange Co., Inc.*, C.A. No. 2:01-74393

District of Minnesota

*Gary J. Milner, et al. v. Farmers Insurance Exchange, et al.*, C.A. No. 0:01-2030

District of New Mexico

*Robert Salcido, et al. v. Farmers Insurance Exchange, et al.*, C.A. No. 1:01-1196

District of Oregon

*Robert C. Westcott, et al. v. Farmers Insurance Exchange*, C.A. No. 3:01-1105

Eastern District of Texas

*Robbie S. Puckett v. Farmers Insurance Exchange*, C.A. No. 5:01-259

Southern District of Texas

*Roland Miller, Jr., et al. v. Texas Farmers Insurance Co. et al.*, C.A. No. 5:01-244

Western District of Washington

*Robert B. Dietz. et al. v. Farmers Insurance Exchange Co., Inc.*, C.A. No. 2:01-1500